# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) J. RONALD UNGER, a/k/a RON UNGER, and <br> (2) JANICE OBROCK, a/k/a JANICE U. OBROCK, by and through her Guardian Ad Litem, J. RONALD UNGER, <br>    Plaintiffs, <br><br> v. <br><br> ERIC L. PENDERGRASS, <br>    Defendant. | Case No. CIV-16-538-RAW |

## ORDER

Plaintiffs filed this action on September 1, 2015 in the District Court in Sequoyah County, Oklahoma, case number CJ-2015-146, against their former tenants Kristina and Robert Henson and the Henson's attorney, Mr. Pendergrass. Plaintiffs did not serve any defendant. On October 20, 2016, Plaintiffs filed an Amended Petition against Mr. Pendergrass only. Plaintiffs served Mr. Pendergrass on November 16, 2016. Mr. Pendergrass removed this action on December 6, 2016.

Mr. Pendergrass now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Mr. Pendergrass also argues that Plaintiffs cannot assert a cause of action for litigation-related misconduct, that Plaintiffs' claims are barred by *res judicata*, that Plaintiffs cannot assert a cause of action for tortious interference with contractual or business relations and that amendment would be futile.

*Service of Process*

In Oklahoma, service must be made upon a defendant within one hundred eighty (180) days. 12 OKLA. STAT. § 2004. If a "plaintiff cannot show good cause why such service was not

made within that period, the action shall be deemed dismissed as to that defendant without prejudice." Id. The filing of an Amended Petition does not restart the clock. See Brown v. K-MAC Enterprises, 897 F.Supp.2d 1098, 1006-07 (N.D. Okla. 2012) (*citing* Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148-49 (10th Cir. 2006), wherein the Tenth Circuit opined that if an amended complaint could restart the clock, dilatory plaintiffs could avoid the deadline altogether "simply by filing an amended complaint when [they] felt like effecting service.").

Plaintiffs inform the court that at the time they filed this action, there was another action pending on appeal between the parties for the same claim in case number CJ-2014-74. Plaintiffs argue they had good cause not to serve Mr. Pendergrass in this action because he "most certainly" would have filed a motion to dismiss pursuant to 12 OKLA. STAT. § 2012(B)(8) based on the action pending between the same parties for the same claim. Plaintiffs provide no authority in support of their assertion that avoidance of a motion to dismiss is "good cause." Anytime a defendant is served, the defendant is likely to file a motion to dismiss. If avoidance of a motion to dismiss is good cause to delay service, 12 OKLA. STAT. § 2004 would be of no effect. Plaintiffs have not shown good cause for their failure to timely effect service. By operation of § 2004, this action was "deemed dismissed" without prejudice in the District Court in Sequoyah County, Oklahoma prior to its removal to this court. The action, therefore, is dismissed without prejudice by this court.

### *Res Judicata*

While the court has already determined this action must be dismissed, in an effort to save the parties further time and expense, it notes that Mr. Pendergrass is correct that this action is barred by *res judicata*. In the case Plaintiffs referred to in support of their "good faith" argument, CJ-2014-74 in the District Court of Sequoyah County, Oklahoma, Plaintiffs attempted

to amend their petition to add the same claims they have alleged in this action against Mr. Pendergrass. See Docket No. 5, Exh. 2. On April 13, 2016, that court denied Plaintiffs' motion to amend to add Mr. Pendergrass as a defendant, finding that their proposed amendment "attempts to assert an improper cause of action and promotes the bad faith motives of Unger and Obrock," that "Pendergrass is a properly licensed attorney in the state of Oklahoma," and that "[i]t is black letter law in Oklahoma that no civil remedy is available for litigation-related misconduct." Docket No. 5, Exh. 1, p. 4. The District Court went on to note, "[a]dvocacy, even abusive advocacy, is not an independent tort that a litigant may bring against a lawyer." Id. The District Court held that Plaintiffs hold no cause of action against Mr. Pendergrass. Id. at 5.

The preclusive effect of a state-court action is governed by state law. Valley View Angus Ranch, Inc. v. Duke Energy Field Srvcs., Inc., 497 F.3d 1096, 1100 (10th Cir. 2007). In Oklahoma, claim preclusion, also known as *res judicata*, "bars the parties (or their privies) from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided in that action*." McDaneld v. Lynn Hickey Dodge, Inc., 979 P.2d 252, 255-56 (Okla. 1999) (emphasis in original). All of Plaintiffs' claims alleged in this action were adjudicated by the Sequoyah County District Court in CJ-2014-74. Had the court not been dismissing this action for failure to timely serve Mr. Pendergrass, it would have dismissed based on claim preclusion. Amendment would be futile.

For the foregoing reasons, Defendant's motion to dismiss [Docket No. 5] is hereby GRANTED. This action is dismissed without prejudice.

**IT IS SO ORDERED** this 13th day of March, 2017.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**